1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SUNIL WADHWA, et al.,

11              Plaintiffs,                    No. CIV S-11-1525 WBS DAD PS

12        vs.

13    AURORA LOAN SERVICES, LLC,
      a subsidiary of AURORA BANK, FSB,
14    et al.,

15              Defendants.                    FINDINGS AND RECOMMENDATIONS

16    _____/

17              This matter came before the court on August 12, 2011, for hearing of the motion

18    to dismiss filed June 7, 2011 and re-noticed July 12, 2011 by defendants Aurora Loan Services,

19    LLC; Greenpoint Mortgage Funding, Inc.; Mortgage Electronic Registration Service, Inc.; and

20    Capital One Financial Corp.  Andrew W. Noble, Esq. appeared for the moving defendants.[1]  No

21    appearance was made by or on behalf of the plaintiffs, who are proceeding pro se in this court.

22    Although defendants' motion was served on plaintiffs by Federal Express on July 12, 2011 (Doc.

23    No. 20), plaintiffs failed to respond to defendants' motion in any manner.

24    _____

25        [1] Plaintiffs' second amended complaint also names as defendants Marin Conveyancing
      Corporation, Structured Asset Securities Corporation, US Bank N.A., and Quality Loan Service
      Corporation.  The court's records contain no evidence that service of process has been effected
26    on any of these defendants.

1    This case is a civil action arising from a mortgage foreclosure.  Plaintiffs, then

2  represented by counsel, commenced the action by filing a complaint in El Dorado County

3  Superior Court on October 14, 2010.  (Doc. No. 1, Ex. 28.)  Plaintiffs filed a first amended

4  complaint through counsel on October 18, 2010, and a second amended complaint through

5  different counsel on March 14, 2011.  (Doc. No. 1, Exs. 18 & 1.)  Counsel of record then

6  substituted out of the state case on May 17, 2011, and plaintiffs were in pro per when defendants

7  removed the case to federal court on June 3, 2011.  (Doc. No. 1 & Ex. 4.)  The case was opened

8  erroneously as one in which plaintiffs were represented by counsel.  When the error was called to

9  the court's attention, the matter was referred to the undersigned for all purposes encompassed by

10  Local Rule 302(c)(21).

11    The court's records reflect that prior to commencing this case in state court on

12  October 14, 2010, plaintiffs here were defendants in an unlawful detainer action brought by

13  Aurora Loan Services, LLC, one of the removing defendants in this case.[2]  (Doc. No. 14 at 1.)

14  On December 17, 2010, while still proceeding in state court in the present case, plaintiffs,

15  proceeding through counsel, filed an original action in federal court together with a notice of

16  removal of the unlawful detainer action and a request to consolidate the two cases.  The docket in

17  that federal action, Wadhwa v. Aurora Loan Services, LLC, et al., Case No. CIV S-10-3361

18  WBS DAD, reflects that the unlawful detainer action was remanded to state court on January 27,

19  2011 and, after the filing of three amended complaints and a series of motions to dismiss, the

20  federal action was dismissed on June 28, 2011 for lack of subject matter jurisdiction.

21    The court's records further reflect that on July 6, 2011, again proceeding through

22  counsel, plaintiffs filed their second case in this court.  The docket for Wadhwa v. Aurora Loan

23  Services, LLC, Case No. CIV S-11-1784 KJM KJN, reveals that plaintiffs are actively pursuing

24

25    [2]  A court may take judicial notice of its own files and documents.  See Reyn's Pasta
  Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-

26  Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); MGIC Indem.
  Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

injunctive relief but have not yet filed a return of service executed on any defendant.  The three defendants in plaintiffs' latest action are also defendants in this case before the undersigned, and the complaint in the new case alleges eight of the ten claims alleged in plaintiffs' second amended complaint in this case before the undersigned.  Jurisdiction in the new case is predicated on diversity.

The court's docket for the present case, i.e., Case No. CIV S-11-1525 WBS DAD PS, reflects that plaintiffs have filed no documents since this case was removed from state court. Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, plaintiffs were required to file and serve written opposition or a statement of non-opposition to defendants' motion to dismiss not less than fourteen days preceding the re-noticed hearing date.  Local Rule 230(c).  Failure to appear at the hearing of a properly noticed motion may result in sanctions.  Local Rule 230(i).  Parties who fail to comply with the Local Rules or any court order are subject to imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.  Local Rule 110.  An individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id. Plaintiffs have failed to comply with Local Rule 230 and have taken no steps to prosecute this action.  At the same time, plaintiffs, represented by counsel, are prosecuting a newer case against many of the same defendants named and may of the same claims alleged in this older case.

It is well established that federal district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.  See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (noting that "the general rule is to avoid duplicative litigation.").  "A litigant has no right to maintain a second action duplicative of another."  Barapind v. Reno, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (citing The Haytian

3

Republic, 154 U.S. 118, 124 (1894)).  "A litigant 'ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d. Cir. 1977); and citing Friends of the Earth, Inc. v. Crown Central Petroleum Corp., 95 F.3d 358, 362 (5th Cir. 1996)).  A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.  72 F. Supp. 2d at 1145.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"  Adams v. California Dep't of Health Svcs., 487 F.3d 684, 692-93 (9th Cir. 2007) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

Here, the undersigned finds that this action is duplicative of the two other cases filed in this court.  Although one of those cases is now closed, the other is pending and plaintiffs are represented by counsel in that case.  In contrast, plaintiffs' former counsel withdrew from this case prior to its removal from state court and it appears that plaintiffs have abandoned this case, as evidenced by their failure to respond to defendants' motion to dismiss and their complete failure to take any steps to prosecute this action while proceeding in the newer case against many of the same defendants on many of the same claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  This pro se case be dismissed as duplicative of two other actions filed in this court, one of which is pending and in which plaintiffs are represented by counsel; and

2.  Defendants' June 7, 2011 motion to dismiss (Doc. No. 6) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after this order is served on all parties, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and

served within seven (7) days after the objections are served.  The parties are cautioned that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2011.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\wadhwa1525.oah.081211.f&r