IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNIL WADHWA, et al.,

      Plaintiffs,                        No. CIV S-11-1525 WBS DAD PS

    vs.

AURORA LOAN SERVICES, LLC,
a subsidiary of AURORA BANK, FSB,
et al.,

      Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This matter came before the court on February 17, 2012, for hearing of defendants' Aurora Loan Services, LLC, Greenpoint Mortgage Funding, Inc., Mortgage Electronic Registration Service, Inc., and Capital One Financial Corp., ("defendants"), motion for an order to expunge lis pendens. Attorney Ian J. Da Cunha appeared telephonically for defendants. No appearance was made by or on behalf of the plaintiffs, who are proceeding pro se in this court. Although defendants' amended notice of hearing on the motion for an order to expunge lis pendens was served on plaintiffs by mail on January 4, 2012, (Doc. No. 31),

/////

/////

/////

1

plaintiffs have failed to respond to defendants' motion in any manner.[1]

BACKGROUND

This case is a civil action arising from a mortgage foreclosure. Plaintiffs, then represented by counsel, commenced the action by filing a complaint in El Dorado County Superior Court on October 14, 2010. (Doc. No. 1, Ex. 28.) The following day, plaintiffs' counsel filed in the El Dorado County Superior Court a notice of pendency of action, or lis pendens, against the property subject to foreclosure. (RJN (Doc. No. 28-5) at 2-4.[2]) Plaintiffs filed a first amended complaint in state court through their original counsel, attorney Holly Burgess, on October 18, 2010, and then a second amended complaint in state court through different counsel, attorney Anthony Smernes, on March 14, 2011. (Doc. No. 1, Exs. 18 & 1.) Counsel of record, attorney Burgess[3], then substituted out of the state action on May 17, 2011, and plaintiffs were appearing in pro per when defendants removed the case to federal court on June 3, 2011. (Doc. No. 1 & Ex. 4.) The case was opened in this court upon removal erroneously as one in which plaintiffs were represented by counsel. When the error was called to the court's attention, the matter was referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

---

[1] Defendants' motion could be granted for that reason alone. See E.D. Cal. Local Rule 230 (providing that opposition to granting of the motion shall be in writing and filed and served not less than fourteen days preceding the noticed or continued hearing date); Local Rule 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] It is unclear to this court what the status of attorney Smernes was that allowed him to file documents on behalf of plaintiffs in state court.

        On August 15, 2011, the undersigned issued findings and recommendations recommending that this case be dismissed as duplicative of two other actions filed in this court. (Doc. No. 24.) Those findings and recommendations were adopted in full by the assigned District Judge on September 14, 2011. (Doc. No. 25.)

        On January 3, 2012, defendants filed the motion for an order to expunge lis pendens currently pending before the court. (Doc. No. 27.) As noted above, plaintiffs have not responded to defendants' motion in any manner.

## ANALYSIS

        Federal courts look to the law of the state where the property resides in matters concerning lis pendens. See 28 U.S.C. § 1964. California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. See also Fed. Deposit Ins. Corp. v. Charlton, 17 Cal. App.4th 1066, 1069 (1993) ("A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice."). In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof. Cal. Civ. Proc. Code § 405.30. In order to carry the burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." Id. at §§ 405.31, 405.32. See also Malcolm v. Super. Ct., 29 Cal.3d 518, 525-26 (1981). A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." Cal. Civ. Proc. Code § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Id. at § 405.3.

        Here, as noted above, plaintiffs have not opposed defendants' motion to expunge the notice of lis pendens in any manner. Moreover, the underlying case has been dismissed.

Thus, even if plaintiffs had opposed defendants' motion, plaintiffs could not meet their burden of establishing that the pleading on which the notice is based, i.e. plaintiffs' complaint, contains a real property claim of probable validity. Therefore, defendants' motion for an order to expunge the lis pendens should be granted. See Manlangit v. National City Mortg., No. CIV S-11-1618 JAM EFB PS, 2012 WL 1413985 (E.D. Cal. Apr. 23, 2012); see also Cornell v. Select Portfolio Servicing, Inc., No. CIV S-11-1462 KJM-EFB, 2011 WL 6097721, at 2 (E.D. Cal. Nov. 29, 2011) (granting motion to expunge lis pendens where plaintiff's claims were dismissed because "[o]nce that action has been dismissed, the lis pendens serves no purpose, and thus, must be expunged.").

## CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 3, 2012 motion for an order to expunge lis pendens (Doc. No. 27) be granted; and

2. The lis pendens recorded with the El Dorado County Recorder on October 15, 2010, on property located at 3055 Orbetello Way, El Dorado, California 95762, Document Number 2010-0049037-00, be expunged.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after this order is served on all parties, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven (7) days after the objections are served. The parties are cautioned that failure

/////
/////
/////
/////

to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\wadhwa1525.exp.lispendens.f&r